IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ERMA ALDABA, personal representative  )
and next of kin to JOHNNY MANUEL       )
LEIJA, deceased,                        )
                                        )
            Plaintiff,                  )
                                        )
v.                                      ) No. CIV-12-85-FHS
                                        )
THE BOARD OF MARSHALL COUNTY            )
COMMISSIONERS; JAMES ATNIP;             )
STEVE BEEBE; Marshall County Sheriff    )
ROBERT WILDER, in his individual and    )
official capacity; THE CITY OF MADILL,  )
a municipal corporation; BRANDON        )
PICKENS; Madill Chief of Police JAMES   )
FULLINGIM, in his individual and        )
official capacity,                      )
                                        )
            Defendants.                 )

**OPINION AND ORDER**

This is a civil rights action brought by Plaintiff, Erma
Aldaba, the personal representative of the estate of Johnny Manuel
Leija ("Leija"), for claimed violations of Leija's Fourth and
Fourteenth Amendment rights.  Plaintiff also asserts pendent state
tort claims for negligence.  Before the Court for its consideration
is the Motion to Dismiss (Dkt. No. 15) filed by Defendants, the
City of Madill ("the City"), Brandon Pickens ("Pickens"), and James
Fullingim ("Fullingim").  Pickens, a police officer with the City,
contends he is entitled to qualified immunity on Plaintiff's civil
rights claims.  Fullingim, the Chief of Police for the City,
contends Plaintiff has failed to properly allege a failure to train
claim against him.  Finally, the City contends Plaintiff has failed
to properly allege a claim for municipal liability and, further,
that it is immune from liability as to Plaintiff's pendent state

1

law claim for negligence.[1]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a party asserting a claim must present in her pleading "a short and plain statement of the claim showing that [she] is entitled to relief." When testing the sufficiency of a complaint, the Court accepts the allegations of the complaint as true and views all allegations in the light most favorable to the plaintiff. Stidham v. Peach Officer Standards and Training, 265 F.3d 1144, 1149 (10th Cir. 2001). The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Naked assertions" without any "further factual enhancement" will not suffice. Twombly, 550 U.S. at 557. Likewise, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Under this pleading standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 545. Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a

---

[1] By minute order of April 12, 2012, the Court granted Plaintiff's Motion to Dismiss Without Prejudice (Dkt. No. 17) all pendent state tort claims asserted against the individual defendants. Thus, the only remaining pendent state tort claims are against the City and the Board of Marshall County Commissioners.

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). To satisfy this standard, Plaintiff must "nudge[] [her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. The degree of specificity required is dependent on the context of the case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008). In a civil rights action under 42 U.S.C. § 1983 involving the affirmative defense of qualified immunity, "plaintiff[] must allege facts sufficient to show that the defendants violated their constitutional rights, and that those rights were clearly established at the time." Id. at 1249. In such cases, a plaintiff must "make clear exactly who is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . ." Id. at 1250.

Plaintiff's allegations are set forth in the First Amended Petition.[2] The events giving rise to Plaintiff's claims occurred on March 24, 2011. On that date, Leija was voluntarily admitted to the Integris Hospital in Madill, Oklahoma, for symptoms consistent with pneumonia. After being placed in a hospital room and given intravenous medications, Leija "desired to leave the hospital." First Amended Petition at 3. Hospital employees attempted to persuade Leija to remain at the hospital. Defendants, James Atnip ("Atnip") and Steve Beebe ("Beebe"), Marshall County Deputy Sheriffs, and Pickens, a City of Madill police officer, were called to assist in the effort to prevent Leija from leaving the hospital. Atnip, Beebe, and Pickens arrived at the hospital and confronted Leija outside of his hospital room. These officers "tried to

---

[2] This action was removed to this federal court from the District Court of Marshall County, Oklahoma, on February 23, 2012.

subdue Mr. Leija and prevent him from leaving" the hospital.  Id.
Leija persisted in his desire to leave and, as a result, "Beebe
shot Mr. Leija in the chest with his taser and subsequently gave
him two charges of electric voltage causing Mr. Leija considerable
pain." Id.  All three officers then "attacked, tackled and forced
Mr. Leija face down on the ground where they handcuffed him behind
his back." Id.  Almost immediately thereafter, Leija "stopped
breathing and lost consciousness." Id.  Leija "never regained
consciousness and died shortly thereafter." Id.  Plaintiff
contends the officers' restraint and seizure of Leija was
unreasonable and that the force they applied to him was excessive.
It is Plaintiff's contention that Leija "died as a result of this
excessive force and unreasonable detention." Id.

    These allegations clearly survive the refined motion to
dismiss standard set forth under Iqbal and Twombly.  Plaintiff's
allegations state a plausible claim for an unreasonable restraint
and detention in violation of Leija's constitutional rights.  The
First Amended Petition clearly apprises the respective defendants
of their actions/inactions in the context of the altercation with
Leija at the hospital.  As alleged in the First Amended Petition,
Plaintiff asserts that law enforcement officials, including
Pickens, took actions to physically restrain Leija, a voluntary
patient at Integris Hospital, from leaving the hospital.
Plaintiff's allegations intimate that in attempting to leave, Leija
desired to refuse medical treatment from the hospital staff.  These
allegations are sufficient to survive a motion to dismiss as a
patient generally has the right to refuse medical treatment.
Cruzan v. Director, Mo. Dept. of Health, 497 U.S. 261, (1990);
Washington v. Glucksberg, 521 U.S. 702, 722 n. 17 (1997); see
Granato v. City and County of Denver, 2011 WL 3820730, *7
("Although couched in somewhat tentative and speculative terms,

4

Cruzan nevertheless appears to recognize a constitutional right of a competent person to refuse undesired medical treatment."). The existence of this clearly established constitutional right as applied to the alleged facts precludes any attempt at dismissal at this stage of the litigation.[3] Plaintiff's allegations are sufficient to establish (1) a claim against Pickens for unlawfully restraining and arresting Leija as he was attempting to leave the hospital and (2) claims against Fullingim and the City for a failure to train Pickens in connection with law enforcement's authority when coming in contact with voluntarily-admitted medical patients who are attempting to refuse medical treatment. Dismissal of Plaintiff's state law negligence claim against the City is likewise inappropriate as there is no evidentiary basis at this stage of the litigation to establish the City's immunity defense under Okla. Stat. tit. 51, § 155(6) that the City's actions, through its officials, resulted from "the failure to provide, or the method of providing, police . . . protection." Consequently, whether this immunity provision has application herein must await the development of an evidentiary record and it is not capable of resolution on a motion to dismiss in light of Plaintiff's allegations of negligence against the City with respect to the altercation with Leija.

Based on the foregoing reasons, the Motion to Dismiss (Dkt.

---

[3] The version of the events presented by counsel in the Motion to Dismiss suggests "mental confusion" by Leija and a desire on the part of the officers to "protect Leija from the serious harm that would occur without continued hospital care." Motion to Dismiss at 2. At this stage of the litigation, the Court is not concerned with potential evidence that defendants might present at trial, but it must limit its review to the four corners of the First Amended Petition to determine if Plaintiff has stated a claim upon which relief can be granted. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

No. 15) filed by Pickens, Fullingim, and the City is denied.

It is so ordered this 24th day of April, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma