IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERMA ALDABA, PERSONAL REPRESENTATIVE AND NEXT OF KIN TO JOHNNY MANUEL LEIJA, DECEASED, <br> PLAINTIFF, <br><br> vs <br><br> THE BOARD OF MARSHALL COUNTY COMMISSIONERS; JAMES ATNIP; STEVE BEEBE; Marshall County Sheriff ROBERT WILDER, in his individual and official capacity; THE CITY OF MADILL, a municipal corporation; BRANDON PICKENS; Madill Chief of Police JAMES FULLINGIM, in his individual and official capacity, <br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-12-85-JHP |

## ORDER TAXING COSTS

This Court entered two separate orders, the first on April 5, 2013 [Doc. No. 82], and the second on January 26, 2017 [Doc. No. 107], granting summary judgment in favor of several Defendants, including Defendants Board of County Commissioners of Marshall County, Oklahoma, and James Atnip and Steve Beebe, in their individual capacities (hereinafter "Defendants") and against Plaintiff, Erma Aldaba, Personal Representative and Next of Kin to Johnny Manuel Leija, Deceased (hereinafter "Plaintiff").[1]  A judgment [Doc. No. 113] was entered herein on January 26, 2017, in favor of the Defendants and against the Plaintiff, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

[1] In footnote one on page one of Plaintiff's objection and response to Defendants' Bill of Costs, Plaintiff claims Defendant Board of County Commissioners of Marshall County, Oklahoma "was dismissed from this lawsuit by Plaintiff, leaving only Defendants Atnip, Beebe and Pickens." [Doc. No. 118 at 1].  The undersigned has reviewed the records, however, and it appears Defendant Board of County Commissioners of Marshall County, Oklahoma is in fact a prevailing party in this case as judgment was entered in its favor on January 26, 2017 [Doc. No. 113] on the remaining pendent tort claim against Defendant Board of County Commissioners of Marshall County, Oklahoma.

1

On February 7, 2017, Defendants timely filed a Bill of Costs [Doc. No. 114], a supporting affidavit [Doc. No. 114-1] and an exhibit consisting of miscellaneous receipts and invoices [Doc. No. 114-2]. Defendants also filed a Brief in Support of Bill of Costs herein [Doc. No. 115]. In summary, Defendants are requesting the total amount of $8,079.84 for costs. [*Id.* at 5].[2]

On February 23, 2017, Plaintiff filed her objection and response to Defendants' Bill of Costs [Doc. No. 118]. Plaintiff admits Defendants' request for deposition fees, docket fees and exemplification and copying costs "are authorized by the cited statutes and the Court may in its discretion order such costs." [*Id.* at 1]. Plaintiff claims, however, that the Defendants' costs for an expert witness fee, background check and various other fees "should be denied outright and are not authorized by statute or rule." [*Id.* at 2].

Having reviewed the record and the documentation submitted, the undersigned finds a partial reduction is warranted, and that these Defendants are entitled to have costs taxed in their favor in the total amount of $4,516.14. In particular, the Defendants are entitled to recover the transcript costs of $3,731.14 associated with the depositions of Olivia Barrera Arellano, Michelle McKinney, Matt Turvey, Dr. John Conley, Michela Pierce, Melissa Farmer, Jeremiah Preston, Marc Harrison, Robert Wilder, Steve Beebe, James Atnip and Erma Aldaba, as such deposition testimony was necessarily obtained for use in this case. With respect to the "expedited fee", however, for the deposition of Brandon Pickens and James Fullingim, the undersigned finds the expedited fee of $387.00 is not a taxable item of cost. The Defendants are entitled to recover $725.00 for service fees paid to Daniel R. Dick, Private Investigator-Process Server. Each Defendant is also entitled to docket fee costs in the amount of $20.00, for a total amount of $60.00 under 28 U.S.C. §1923.

The Defendants provided very little documentation, other than a single page "Statement for Professional Services", supporting a claim for $3,000.00 paid to James F. Clark, Litigation and Law Enforcement Consultant. The undersigned is unable to determine if this claim is associated with payment for consultation, which is not taxable, or if a portion of this amount is

---

[2] Defendant Brandon Pickens, another prevailing party, has filed a separate Bill of Costs and Brief in Support herein.

associated with attendance at a deposition or trial. As such, the undersigned finds the Defendants are not entitled to $3,000.00 for costs paid to James F. Clark. Further, the Defendants are not entitled to copying costs in the amount of $48.00 since no invoice was provided to the Court and the undersigned is unable to determine if the copying costs were necessarily obtained for use in this case. Lastly, the undersigned finds no grounds, and is unaware of binding precedent, that allows costs in the amount of $125.00 for an "Interview fee" paid to the Oklahoma Medical Examiner's Office, or that allows costs in the total amount of $29.00 to complete a background search and/or obtain records from the OSBI and the Texas Department of Public Safety. Therefore, these "other costs" referenced by Defendants should not be taxed.

Plaintiff also summarizes the history of the case, asks the Court to consider her situation in light of the circumstances, claims the litigation was in good faith, and lastly, states "the interests of justice would be best served by allowing both parties to be responsible for their own costs." [*Id.*]. With respect to these equitable assertions, the undersigned finds that such issues are more appropriately a function of judicial review rather than administrative review by the undersigned.[3]

Accordingly, costs are taxed in favor of Defendants Board of County Commissioners of Marshall County, Oklahoma, and James Atnip and Steve Beebe, in their individual capacities, and against the Plaintiff in the amount of $4,516.14 and to be included in the judgment.

Dated this 30th day of March, 2017.

*Patrick Keaney*
Patrick Keaney
Court Clerk
United States District Court
Eastern District of Oklahoma

---

[3] Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[o]n motion served within the next 7 days, the court may review the clerk's action" with respect to taxation of costs.